**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4533**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RECO VALARIE CAUTHEN, a/k/a Reco V. Cauthen, a/k/a Rico Valerie Cauthen, a/k/a Rico V. Cauthen,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:15-cr-00324-JFA-1)

Submitted: March 31, 2017                            Decided: April 7, 2017

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. William Kenneth Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reco Valarie Cauthen pleaded guilty, pursuant to a written agreement, to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012).  On appeal, Cauthen's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning the validity of Cauthen's guilty plea and the procedural and substantive reasonableness of Cauthen's 120-month sentence.  In particular, counsel questions whether statements from Cauthen's proffer were used to enhance his sentence, whether Cauthen was improperly sentenced under the "residual clause," and whether the district court properly applied a sentencing enhancement.  Cauthen has filed a pro se supplemental brief, reasserting that his proffered statements were used to enhance his sentence, and contending that counsel rendered ineffective assistance and that the district court improperly enhanced his sentence based on his prior convictions, relying on a number of recent Supreme Court cases concerning the Armed Career Criminal Act and the career offender Sentencing Guidelines.  We affirm.

Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis.  Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  Although there were minor omissions in the Rule 11 colloquy conducted by the district court, we conclude that these omissions did not affect Cauthen's substantial rights.  *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (providing standard).  Moreover, the record reveals that the

2

district court confirmed that Cauthen's plea was knowing, voluntary, and supported by a sufficient factual basis.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Martinovich*, 810 F.3d 232, 242 (4th Cir. 2016). We first review for procedural error, such as improper calculation of the Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining whether the district court properly applied a sentencing enhancement, "we review factual findings for clear error and legal conclusions *de novo*." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Id.* Sentences within a properly calculated Guidelines range are presumed reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Cauthen's sentence is procedurally reasonable. The record belies Cauthen's assertion that statements from his proffer were used to support a sentence enhancement. The Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding advisory Guidelines not subject to vagueness challenges under Due Process Clause), puts to rest Cauthen's challenge to his sentence based on the invalidity of the residual clause. And the district court did not clearly err in enhancing Cauthen's offense level based on his possession of at least three guns. *See* U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.5. Further, the district court properly calculated Cauthen's offense level, criminal history, and Guideline sentence. The court

3

afforded both parties an adequate opportunity to make arguments about the appropriate sentence and allowed Cauthen an opportunity to allocute. Additionally, the court's explanation for its sentence, in which the court addressed several of the § 3553(a) factors, was individualized and detailed. Moreover, Cauthen has not overcome the presumption of substantive reasonableness accorded his Guideline sentence.

Cauthen also summarily suggests that trial counsel provided ineffective assistance. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Instead, such claims should be raised—if at all—in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *Id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we decline to consider such a claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and find no meritorious ground for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cauthen, in writing, of the right to petition the Supreme Court of the United States for further review. If Cauthen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cauthen. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*